IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES SMITH, | No. C 09-01300 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND and GRANTING DEFENDANT'S MOTION TO EXPUNGE LIS PENDENS** |
| v. | |
| WACHOVIA, WACHOVIA MORTGAGE CORPORATION, and DOES 1-10, | |
| Defendants. | |

Defendant Wachovia Mortgage Corporation, FSB has filed a motion to dismiss plaintiff's complaint and a motion to expunge the lis pendens in effect in this case. Dkt. Nos. 9, 14. The motions are currently scheduled for hearing on July 10, 2009. Pursuant to Civil Local Rule 7-1(b), the Court determines that the motions are appropriate for resolution without oral argument and VACATES the hearing. As set forth below, the Court GRANTS defendant's motion to dismiss and GRANTS defendant's motion to expunge the lis pendens. Plaintiff's complaint is dismissed with leave to amend. Should plaintiff wish to file an amended complaint, he must do so by **July 15, 2009.**

### BACKGROUND

On March 25, 2009, plaintiff Charles Smith commenced this action against "Wachovia," "Wachovia Mortgage Corporation," and Does 1-10. Compl., Dkt. No. 1. The dispute concerns property located at 1204 Sevier Ave., Menlo Park, California 94025 ("the Property"), allegedly owned by plaintiff. *Id.* ¶ 19. Defendant Wachovia Mortgage, FSB moves to dismiss each of plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiff fails to allege facts sufficient

to state a claim for relief.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). While courts do not require "heightened fact pleading of specifics," a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. Plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

Pro se complaints are held to less rigorous standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). Where the petitioner is pro se the Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). Even though pro se pleadings should be construed liberally, they must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by

1 the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal
2 quotation marks omitted). Dismissal of a pro se complaint without leave to amend is proper only if it
3 is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v.
4 Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460
5 (9th Cir. 1980)).

**DISCUSSION**

Plaintiff did not file an opposition to defendant's motions to dismiss and expunge the lis pendens, so it is not clear whether he intends to pursue this case. As plaintiff is representing himself, the Court offers the following discussion by way of guidance, should plaintiff choose to amend his complaint.

**1.    Request for judicial notice**

As a preliminary matter, defendant asks the Court to take judicial notice of four documents, which purport to be copies of public records filed in San Mateo County. The first document is a deed of trust recorded October 24, 2005 naming World Savings Bank, FSB ("World Savings") as beneficiary, Golden West Savings Association Service Co. ("Golden West") as trustee, and securing a promissory note signed by plaintiff. Ex. A ("Deed of Trust"). The second document is a notice of default and election to sell under deed of trust recorded November 21, 2007, sent by Golden West to plaintiff. Ex. B ("Notice of Default"). The third document is a notice of trustee sale recorded July 21, 2008 indicating that the property would be sold August 8, 2008. Ex. C ("Notice of Trustee Sale"). The fourth document is a trustee's deed upon sale recorded August 15, 2008 showing that the property was sold to Wachovia Mortgage, FSB f/k/a World Savings Bank, FSB at the auction held on August 8, 2008. Ex. D ("Trustee's Deed Upon Sale").

These documents are highly relevant to plaintiff's claims and are also part of the public record and easily verifiable. Pursuant to Fed. R. Evid. 201, the Court GRANTS defendant's Request for Judicial Notice in support of its motion to dismiss plaintiff's complaint.

3

### 2. Plaintiff's claims

Plaintiff brings nine causes of action: (1) wrongful trustee sale, (2) intentional misrepresentation, (3) negligent misrepresentation, (4) intentional infliction of emotional distress, (5) fraud, (6) breach of contract, (7) quiet title, (8) abuse of process, and (9) civil conspiracy. The gravamen of plaintiff's complaint is that defendants wrongfully initiated a non-judicial foreclosure and trustee sale process against plaintiff without presenting or possessing a "Blue Inked Promissory Note." *See* Compl. ¶¶ 21, 24, 26-7, 33, 37, 42, 48-9, 52, 57, 63, 66, 74, 78. Plaintiff's contention is apparently that defendants are required to possess the original promissory note before initiating such proceedings. Plaintiff cites no statutory or common law basis for his contention that possession of the original promissory note is required. Defendants' purported failure to produce the original note is therefore not a valid basis for any of the causes of action plaintiff attempts to allege.

#### A. Wrongful trustee sale

Plaintiff fails to allege facts in support of his claim for a wrongful trustee sale under California law. Plaintiff is incorrect that the UCC is the governing law in this matter. *See* Compl. ¶¶ 23, 29, 32. The non-judicial foreclosure process is covered exclusively by section 2924 of the California Civil Code. *I.E. Assocs. v. Safeco Title Ins. Co.*, 702 P.2d 596, 598 (Cal. 1985). The process may be initiated by a "trustee, mortgagee, or beneficiary or any of their authorized agents." *See* Cal. Civ. Code § 2924(a)(1). Here, the documents attached to defendant's request for judicial notice show that Golden West, designated trustee under authority of the Deed of Trust, initiated the foreclosure process. *See* Notice of Default.

Plaintiff also alleges that he did not receive proper notice prior to and during the non-judicial foreclosure process. Compl. ¶ 25. Elsewhere he admits that he received some documents from defendants, alleging that they contained misrepresentations. *See* Compl. ¶¶ 34-6, 40, 58, 75. Plaintiff's claim regarding notice appears to be that he should have been provided the original promissory note before the non-judicial foreclosure process took place, and that the documents he did receive are fraudulent because they represent defendant's possession of the note. Section 2924 contains no

4

requirement that the lender produce the original promissory note, as alleged by plaintiff. *See* Cal. Civ. Code § 2924(a)-(e); *Gamboa v. Trustee Corps*, 2009 WL 656285, at *4 (N.D. Cal. Mar. 12, 2009). To the extent that any of plaintiff's claims are based on that assumption, they do not state a basis for relief.

Finally, to bring a claim arising from an alleged irregularity in a foreclosure sale, such as improper notice, a plaintiff must allege proper tender. *Abdallah v. United Savs. Bank*, 43 Cal. App. 4th 1101, 1110 (1996); *see also U.S. Cold Storage v. Great W. Savs. and Loan Ass'n*, 165 Cal. App. 3d 1214, 1222 (1985); *Karlsen v. Am. Savs. and Loan Ass'n*, 15 Cal. App. 3d 112, 117 (1971). In the absence of tender, or an offer to tender, an action to set aside a trustee sale fails to state a cause of action. *Karlsen*, 15 Cal. App. 3d at 117 (citing *Leonard v. Bank of Am. Nat'l Trust & Savs. Ass'n*, 16 Cal. App. 2d 341, 344 (1936)).

### B.      Intentional misrepresentation, negligent misrepresentation and fraud

Plaintiff fails to state a basis for his claims of intentional misrepresentation, negligent misrepresentation and fraud, all of which are based on the premise that defendant was required to produce the original promissory note to plaintiff before initiating the non-judicial foreclosure process. *See infra* Part 2.A.

Under California law, the elements of common law fraud are "misrepresentation, knowledge of its falsity, intent to defraud, justifiable reliance and resulting damage." *Gil v. Bank of Am., N.A.*, 138 Cal. App. 4th 1371, 1381 (2006). Common law claims of fraud must be pled with sufficient particularity. *See* Fed. R. Civ. P. 9(b) ("[I]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity."). Therefore, in addition to the "time, place and content of an alleged misrepresentation," a complaint "must set forth what is false or misleading about a statement, and . . . an explanation as to why the statement or omission complained of was false or misleading." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999). To state a claim for negligent misrepresentation, plaintiff must allege that the defendant: (1) made a misrepresentation of a material fact; (2) without reasonable grounds for believing it to be true; (3) with intent to induce another's reliance and that plaintiff (4) was ignorant of the truth, (5) justifiably relied on the misrepresentation and (6) suffered damages. *See B.L.M. v. Sabo & Deitsch*, 55 Cal. App. 4th 823, 834 (1997).

Plaintiff has not alleged that defendants misrepresented any material fact. To the extent that his claims are based on something other than the failure to produce the original promissory note, the complaint must plead these facts with sufficient particularity to satisfy Rule 9(b). It must allege who made the misrepresentation, when and where it was made, what it was, and why it was false or misleading.

### C. Intentional Infliction of Emotional Distress

Plaintiff fails to allege facts in support of his claim for intentional infliction of emotional distress, his fourth cause of action. The elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Cervantez v. J. C. Penney Co.*, 24 Cal. 3d 579, 593 (1979) (citations omitted). For "[c]onduct to be outrageous[, it] must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* (citations omitted).

Plaintiff has alleged that defendant has wrongfully and intentionally initiated non-judicial foreclosure proceedings against him. *See infra* Part 2.A. Taking this allegation as true, this conduct was not so extreme as to exceed the bounds of civilized society, nor has plaintiff alleged it to be.

### D. Breach of Contract

Plaintiff fails to allege facts in support of his claim for breach of contract, his sixth cause of action. Under California law, the elements of a breach of a contract claim are: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) resulting damage to plaintiff. *See Reichert v. Gen. Ins. Co. of Am.*, 68 Cal. 2d 822, 830 (1968). This claim is premised on the allegation that defendants were not a party to the original promissory note signed by plaintiff. Compl. ¶ 74. There is no basis for plaintiff's request that this Court enforce a contract with defendant because defendant was *not* a party to the contract.

### E. Quiet Title

Plaintiff fails to allege facts in support of his claim to quiet title, his seventh cause of action. An action to quiet title may be brought to establish title against adverse claims to real property or any interest therein. Cal. Code Civ. Proc. § 760.020. A quiet title action must include: (1) a description of the property in question; (2) the basis for plaintiff's title; and (3) the adverse claims to plaintiff's title. Cal. Code Civ. Proc. § 761.020.

Brought under the heading of "Quiet Title," the claim repeats plaintiff's earlier allegations that the documents presented to plaintiff were fraudulent and the non-judicial foreclosure process was wrongfully initiated. Compl. ¶ 78. Plaintiff has not alleged that he is the rightful owner of the property, i.e. that he has satisfied his obligations under the Deed of Trust. As such, he has not stated a claim to quiet title.

### F. Abuse of Process

Plaintiff fails to allege facts in support of his claim for abuse of process, his eighth cause of action. To state a claim for abuse of process, plaintiff must show that defendants used a legal process in a wrongful manner to accomplish a purpose for which it was not designed. *Spellens v. Spellens*, 49 Cal. 2d 210, 231 (1957). The essential elements of this claim are: (1) that defendants acted with an ulterior motive; and (2) that a willful act or threat was committed by defendants, not authorized by the process and not proper in the regular conduct of some official proceedings; and (3) that defendants' misuse of the legal process was a cause of injury, damage, loss or harm to plaintiff. *Id.* at 232. The nature of the tort is that it is committed by the misuse of process, i.e., the use of process for a purpose other than that for which it is designed. Witkin, *Summary of California Law* § 517 (2005). A claim for abuse of process must be based on action taken pursuant to judicial authority. *See Adams v. Super. Ct.*, 2 Cal. App. 4th 521, 530 (1992) ("Process is action taken pursuant to judicial authority. It is not action taken without reference to the power of the court").

Plaintiff alleges throughout the complaint that defendants have initiated a non-judicial foreclosure process against plaintiff. As defendant is not alleged to have taken any action pursuant to court authority, plaintiff has not stated a claim for abuse of process.

7

**G.     Civil Conspiracy**

Plaintiff's last cause of action is civil conspiracy. Under California law, "a civil conspiracy does not give rise to a cause of action unless an independent civil wrong has been committed. The elements of an action for civil conspiracy are (1) formation and operation of the conspiracy and (2) damage resulting to plaintiff (3) from a wrongful act done in furtherance of the common design." *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1062 (2006).

Plaintiff has attempted to allege several independent civil wrongs, but as noted above, has failed with respect to each one of them. Therefore, his claim for civil conspiracy must fail also.

**3.     Defendant's Motion to Expunge Lis Pendens**

Pursuant to California Code of Civil Procedure § 405.20, "[a] party to an action who asserts a real property claim may record a notice of pendency of action [lis pendens] in which that real property claim is alleged." The purpose of a lis pendens notice is to provide constructive notice of a pending claim that may affect title or right to possession of the real property described in the lis pendens notice. *See La Paglia v. Super. Ct.*, 264 Cal. Rptr. 63, 66 (Cal. Ct. App. 1989) (abrogated on other grounds by *Lewis v. Super. Ct.*, 19 Cal. 4th 1232 (1999)). In order to guard against potential abuse of lis pendens notices, there are several statutory safeguards in California. The claimant alleging a real property claim, i.e. the party placing the notice of lis pendens, has the burden of establishing the probable validity of that claim. Section 405.32 states that "the court shall order that the notice be expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." Cal. Civ. Proc. Code § 405.32. Furthermore, on a motion to expunge a lis pendens, the court "shall" award the prevailing party reasonable attorney's fees and costs incurred in making or opposing the motion, unless the losing party acted with substantial justification, or other circumstances make the imposition of fees and costs unjust. Cal. Civ. Proc. Code § 405.38.

In light of the facts that the Court has dismissed all of plaintiff's claims and that plaintiff has failed to oppose defendant's motion to expunge, the Court finds that plaintiff has not met his burden to establish the probable validity of his claims. Pursuant to Civil Procedure Code § 405.32, the Court GRANTS defendant's motion to expunge the lis pendens. The Court also finds that due to plaintiff's

apparent financial hardship, the award of attorney's fees would be unjust under Cal. Civ. Proc. Code § 405.38.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's motion to dismiss with leave to amend and GRANTS defendant's motion to expunge lis pendens. Should plaintiff choose to file an amended complaint, he must do so **by July 15, 2009**.

**IT IS SO ORDERED.**

Dated: July 6, 2009

SUSAN ILLSTON
United States District Judge